FILED

FEB 24 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARY HENDOW and JULIE ALBERTSON, <br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PHOENIX,<br><br>Defendant. | NO. CV S-03-457 GEB DAD<br><br><br>ORDER* |

Defendant University of Phoenix ("UOP") moves to dismiss Relators' First Amended Complaint ("the Complaint"), arguing it fails to allege UOP submitted a false or fraudulent claim for payment to the United States in violation of the False Claims Act ("FCA").[1] Relators counter that the Complaint alleges UOP made a fraudulent promise to the United States that UOP will not pay its enrollment counselors a commission based on the number of students it enrolls, and if UOP did not make this promise, its students would be ineligible for federal

---

\*   This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1]   Relators are *qui tam* plaintiffs under the FCA. See Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 767 (9th Cir. 1997).

1



financial aid. Relators contend this fraudulent promise violates the FCA.

## FACTUAL ALLEGATIONS

Relators Mary Hendow and Julie Albertson are employed as enrollment counselors at UOP. (Complaint ¶¶ 4-5.) Before UOP students can be eligible for federal financial aid programs, UOP must execute a Program Participation Agreement with the Department of Education which includes UOP's promise not to compensate enrollment counselors based on the number of enrolled students. (Id. ¶¶ 23, 26.) Relators allege UOP is "fully aware" that its compensation system is inconsistent with its fraudulent promise. (Id. ¶¶ 18, 28.) They allege UOP pays salaries to enrollment counselors based on the number of students they enroll, and that the enrollment counselors are also provided "incentive trips, awards and gifts based upon their enrollment numbers." (Id. ¶ 16.) UOP maintains two sets of personnel files on its enrollment counselors, one which is shown to the government and appears to comply with the Program Participation Agreement, and another which is secret and violates the Program Participation Agreement. (Id. ¶ 20.)

## STANDARD OF REVIEW

Under the Rule 12(b)(6) dismissal standard, all material allegations in the complaint must be accepted as true and construed in the light most favorable to Relators. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); North Slope Borough v. Rogstad (In re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997). A claim "should not be dismissed for failure to state a claim unless it appears beyond doubt that [Relators] can prove no set of facts in support of [their] claim which

2

would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## DISCUSSION

> To establish a cause of action under the False Claims Act . . . [Relators] must prove three elements: (1) a "false or fraudulent" claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with knowledge that the claim was false.

United States v. Mackby, 261 F.3d 821, 826 (9th Cir. 2001) (quoting 31 U.S.C. § 3729(a)(1)).

The FCA defines a claim as:

> any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(c). UOP argues that the Complaint fails to allege UOP submitted a false claim for payment to the government. Relators counter that UOP's students' federal financial aid applications are claims for payment to the government, and that UOP benefits from the financial aid money which is used to pay tuition.

But the Complaint does not allege that UOP submitted a claim, only that it made its students eligible to submit claims.[2] Although the Complaint alleges UOP signs its Program Participation Agreements with the Department of Education while intending to breach

---

[2] Relators cite 34 C.F.R. §§ 668.161-668.163 for the proposition that UOP submits claims to the Department of Education for student financial aid. These regulations concern the disbursal of Pell Grant funds after the Department of Education has approved a claim, but do not reveal whether the student or the school submits the claim.

3

those agreements, "the [FCA] attaches liability, not to underlying fraudulent activity, but to the claim for payment." United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1266 (9th Cir. 1996).

Relators alternatively argue that the Complaint states a claim for "promissory fraud" under the FCA. The Ninth Circuit has indicated that "promissory fraud may be actionable in rare circumstances under the FCA." Id. at 1267. Under this theory, a claimant whose actual claim contains no false statements, but who earlier made a false promise which was "a prerequisite for the [claimant] to receive [federal] funds," can be liable under the FCA. Id. But the Complaint does not allege that UOP was a claimant who received federal funds, rather it alleges that UOP's false promise enabled students to claim federal financial aid money. Since the Complaint does not allege a false or fraudulent claim, it will be dismissed.

Relators request leave to file an amended complaint, which they contend will indicate that UOP submits false or fraudulent claims. UOP counters that any amendment would be futile, noting that other district courts have dismissed similar complaints with prejudice. But since Relators have not been given an opportunity to address the defects in the Complaint, it is dismissed without prejudice.[3] Cf. United States ex rel. Graves v. ITT Educ. Serv., Inc., 284 F. Supp. 2d 487, 509 (S.D. Tex. 2003) (dismissing complaint with prejudice after giving relators "three attempts to plead.").

---

[3] Relators amended their complaint "once as a matter of course" under Rule 15(a) of the Federal Rules of Civil Procedure, but no prior dismissal order has issued.

1 | Relators have leave to file an amended complaint within ten days of
2 | the date on which this Order is filed.
3 |     UOP also requests clarification of a portion of the Status
4 | (Pretrial Scheduling) Order filed January 9, 2004.  Specifically, UOP
5 | requests that a deadline be set for initial disclosures under Rule
6 | 26(a)(1) of the Federal Rules of Civil Procedure.  However, because of
7 | the questions raised as to whether Relators will be able to state a
8 | claim, the January 9 Status Order is vacated and discovery is stayed.
9 | This moots UOP's request.

    IT IS SO ORDERED.

DATED: February 19, 2004

GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE

kdc

United States District Court
for the
Eastern District of California
February 24, 2004

* * CERTIFICATE OF SERVICE * *

2:03-cv-00457

Hendow

v.

Univ of Phoenix

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 24, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Daniel Robert Bartley　　　　　　　　　　SF/GEB
Daniel R Bartley Attorney at Law
PO Box 686　　　　　　　　　　　　　　　　PB/DAD
Novato, CA   94948-0686

Nancy Gail Krop
Law Office of Nancy Krop
1534 Plaza Lane
Suite 322
Burlingame, CA   94010

Bryan B Arnold
Gibson Dunn and Crutcher
333 South Grand Avenue
Suite 5000
Los Angeles, CA   90071-3197

Michael A Hirst
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA   95814

Jack L. Wagner, Clerk

*/s/ Carlo*
by: Deputy Clerk

FILED

MAY 20 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
             DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARY HENDOW and JULIE ALBERTSON, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF PHOENIX, <br><br> Defendant. | NO. CV S-03-457 GEB DAD <br><br><br> ORDER* <br><br> CLOSED <br> DATE 5/20/04 |

Defendant University of Phoenix ("UOP") moves to dismiss Relators' Second Amended Complaint ("SAC"), arguing it fails to allege UOP submitted a false or fraudulent claim for payment to the United States in violation of the False Claims Act ("FCA").

Relators allege that an educational institution such as UOP seeking to participate in certain federal student financial aid programs must enter an agreement with the government promising that it will not compensate enrollment counselors based on the number of students who enroll. (SAC ¶¶ 14, 24.) Relators further allege that UOP enters such an agreement annually, and knows it will breach that

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1   40

1 | agreement because it compensates enrollment counselors based on the
2 | number of students who enroll. (Id. ¶ 29.)
3 |     UOP argues Relators' FCA claims must be dismissed because
4 | Relators do not allege "an actual false claim for payment being made
5 | to the Government." United States v. Kitsap Physicians Service, 314
6 | F.3d 995, 1002 (9th Cir. 2002). "The False Claims Act . . . focuses
7 | on the submission of a claim, and does not concern itself with whether
8 | or to what extent there exists a menacing underlying scheme." Id.
9 |     Relators allege "UOP submits a request for [financial aid]
10 | funds directly to the Secretary of the United States Department of
11 | Education." (SAC ¶ 33.) But they do not allege that those claims
12 | contain express false statements. Instead, Relators argue that UOP's
13 | claims constitute "implied certification" that UOP is in compliance
14 | with its agreement with the government. A false certification of
15 | compliance with applicable law only gives rise to an FCA claim if
16 | certification of compliance with a particular statute is a
17 | prerequisite to obtaining a government benefit. See United States ex
18 | rel. Hopper v. Anton, 91 F.3d 1261, 1266 (9th Cir. 1996) (holding that
19 | false certification of compliance with federal disability laws did not
20 | give rise to FCA claim since payment was not conditional on
21 | certification). Relators contend that 20 U.S.C. § 1094(a) imposes
22 | such a certification requirement. 20 U.S.C. § 1094(a) provides:

> In order to be an eligible institution for the
> purposes of [participating in federal student
> financial aid programs,] an institution must . . .
> enter into a program participation agreement with
> the Secretary [of Education]. The agreement shall
> condition the initial and continuing eligibility
> of an institution to participate in a program upon
> compliance with the following requirements:
>
> . . . .

> (20) The institution will not provide any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons or entities engaged in any student recruiting or admission activities. . . .

Since this statute only requires that UOP enter into an agreement, and does not require a certification, Relators' argument is unpersuasive.

Relators alternatively argue that UOP's actions give rise to a "promissory fraud" FCA claim. Promissory fraud can be actionable where a claimant intentionally makes a "false certification" that it will comply with a particular law when such certification is "a prerequisite for the [claimant] to receive [federal] funds," and subsequently submits a claim for payment despite its failure to comply with that law. Hopper, 91 F.3d at 1267. Since Relators have not identified any certification which is a prerequisite for UOP to receive federal funds, this argument also fails.[1]

UOP requests that the SAC be dismissed with prejudice, and Relators do not request leave to amend. Therefore, the SAC is

/////

/////

/////

/////

---

[1] Relators also argue that UOP makes a certification in "'management assertion letters' written by UOP management for an annual compliance audit . . . performed by an independent certified public accountant." (SAC ¶ 30.) But Relators identify no statute or regulation which makes any certification in these letters a prerequisite to the receipt of federal funds.

3

1 | dismissed with prejudice.  Judgment shall be entered in favor of
2 | Defendant.
3 |
4 |      IT IS SO ORDERED.
5 | DATED: May 19, 2004
6 |                                  GARLAND E. BURRELL, JR.
7 |                                  UNITED STATES DISTRICT JUDGE

sk

United States District Court
for the
Eastern District of California
May 20, 2004

* * CERTIFICATE OF SERVICE * *

2:03-cv-00457

Hendow

v.

Univ of Phoenix

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 20, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Daniel Robert Bartley
Daniel R Bartley Attorney at Law
PO Box 686
Novato, CA  94948-0686

SF/GEB

PB/DAD

Nancy Gail Krop
Law Office of Nancy Krop
1534 Plaza Lane
Suite 322
Burlingame, CA  94010

Bryan B Arnold
Gibson Dunn and Crutcher
333 South Grand Avenue
Suite 5000
Los Angeles, CA  90071-3197

Michael A Hirst
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814

Jack L. Wagner, Clerk

by: Deputy Clerk